## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RICHMOND INTERNATIONAL FOREST PRODUCTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )    Ct. No. 21-00319 |

## COMPLAINT

Plaintiff Richmond International Forest Products LLC ("RIFP"), by and through its counsel, alleges as follows:

### I.     ADMINISTRATIVE DECISION TO BE REVIEWED

1.     This action seeks judicial review to challenge U.S. Customs and Border Protection's denial of RIFP's Protest No. 460121125039 under the Tariff Act of 1930, as amended (the "Act"), section 515, 19 U.S.C. § 1515.  RIFP challenges CBP's wrongful collection and assessment of antidumping ("AD") and countervailing duties ("CVD"), additional duties imposed under Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411 ("Section 301 duties"), Merchandise Processing Fees ("MPF") and over collection of the Harbor Maintenance Fee ("HMF") on the entries underlying Protest No. 460121125039.

### II.     JURISDICTION

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a), which provides that "{t}he Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the

Tariff Act of 1930." RIFP's Protest No. 460121125039 was denied by CBP pursuant to 19 U.S.C. § 1515. RIFP challenges CBP's denial of Protest No. 460121125039. Jurisdiction in this Court is, therefore, proper under 28 U.S.C. § 1581(a).

### III.    STANDING

3.      RIFP is the importer of record that filed Protest No. 460121125039 and the real party in interest in connection with the entries underlying the denial of the protest at issue in this action.

4.      Accordingly, RIFP has standing to commence this action pursuant to 28 U.S.C. § 2631(a).

### IV.    TIMELINESS OF THIS ACTION

5.      Protest No. 460121125039 was denied on February 11, 2021.

6.      RIFP commenced this action pursuant to section 515 of the Act, 19 U.S.C. § 1515, by filing a summons within 180 days of the date of the denial of Protest No. 460121125039, as required by 28 U.S.C. §§ 2632(b), 2636(a) and Rule 3(a)(1) of the Rules of the U.S. Court of International Trade. Thus, this lawsuit is timely filed pursuant to 28 U.S.C. §§ 2632(b), 2636(a) and USCIT R. 3(a)(1) and USCIT R. 83.

7.      All liquidated duties, taxes and charges have been paid prior to the commencement of this action.

### V.    FACTUAL BACKGROUND AND DESCRIPTION OF MERCHANDISE INVOLVED

8.      RIFP was founded in 1982. RIFP has been in the business of purchasing and selling various commodities in the wood products industry, including lumber, plywood and imported products, primarily focused on hardwood plywood.

9.      In February 2018, RIFP began sourcing hardwood plywood manufactured in Cambodia by Cambodian manufacturer LB Wood (Cambodia) Co., Ltd. ("LB Wood").

10.     As part of RIFP's due diligence to ensure it would report the correct country of origin to CBP, in July 2018 RIFP engaged Benchmark International ("Benchmark"), an independent third-party auditor with expertise in the wood industry and the production of plywood, to conduct a full factory inspection to further corroborate the country of origin of LB Wood's plywood exported from Cambodia.

11.     Benchmark visited LB Wood in July 2018 for a three-day initial inspection, to be followed by an intensive four-month on-site audit.  This four-month audit covered the period from September 9-December 25, 2018, except for the days between October 6-15, 2018 when Benchmark was not on site.

12.     The information gathered and documented by Benchmark established that LB Wood produced hardwood plywood in Cambodia during the period of Benchmark's observations.

13.     Between February 19, 2019 and November 6, 2019 (as set forth in the summons), RIFP entered hardwood plywood into the United States under the 33 entries covered by Protest No. 460121125039 as "Type 01" consumption entries, declaring the subject hardwood plywood to have a country of origin of Cambodia.  RIFP properly entered the hardwood plywood as a Cambodian-origin product given that RIFP had established, via its own due diligence verification and that of a third-party auditor, that the merchandise exported by LB Wood and imported on the 33 entries covered by Protest No. 460121125039 was manufactured in Cambodia.

14.     At the time the 33 entries covered by Protest No. 460121125039 were filed, the only required payment posted by RIFP was the HMF (also referred to as HMT) of 0.125%.  This is because the hardwood plywood originated in Cambodia and the U.S. Harmonized Tariff

Schedule ("HTSUS") classification of the merchandise, i.e., subheading 4412.33.06, was duty free at the time the entries were filed.

15.     RIFP did not deposit estimated AD/CVD duties, Section 301 duties or MPF at the time of entry given the hardwood plywood was a Cambodian-origin product and no AD/CVD order has been in effect for imports of hardwood plywood from Cambodia and no MPF was owed on merchandise that is a "product of" a least developing country such as Cambodia pursuant to 19 C.F.R. § 24.23(c)(1)(iv).

16.     After the dates of entry and release of the merchandise, for certain entries identified in Protest No. 460121125039, CBP issued rejection notices and demanded RIFP refile them as "Type 03" consumption entries and pay the AD/CVD duties applicable to imports of multilayered wood flooring from China under case numbers A-570-970/C-570-971, despite the invoices and other entry documents for each entry establishing that the merchandise was hardwood plywood from Cambodia and not multilayered wood flooring.  See Multilayered Wood Flooring From the People's Republic of China: Final Determination of Sales at Less Than Fair Value, 76 Fed. Reg. 64,318, 64,320 (Dep't of Commerce Oct. 18, 2011) (stating that the subject merchandise of the AD order is "Multilayered wood flooring . . . composed of an assembly of two or more layers or plies of wood veneer(s) in combination with a core"); Multilayered Wood Flooring From the People's Republic of China: Final Affirmative Countervailing Duty Determination, 76 Fed. Reg. 64,313, 64,314 (Dep't of Commerce Oct. 18, 2011) (same).

17.     For those entries covered by Protest No. 460121125039 that were rejected, in the rejection notices, CBP stated that the country of origin of the imported merchandise was China, instead of Cambodia, because "CBP visit to the manufacturer in Cambodia determined that the

actual country of origin of the merchandise is China as only minor processing occurs in Cambodia."

18.     CBP did not provide any legal or factual basis for its finding that the merchandise on the 33 entries covered by Protest No. 460121125039 was actually manufactured in China or its conclusion that only minor processing of that merchandise occurred in Cambodia.

19.     For those entries for which rejection notices were issued, CBP did not provide any legal or factual basis for its finding that the merchandise on the 33 entries covered by Protest No. 460121125039 was subject to the AD/CVD orders on multilayered wood flooring from China, despite the fact that the imported merchandise was not multilayered wood flooring.

20.     As required by the CBP rejection notices, RIFP timely refiled the rejected entries covered by Protest No. 460121125039 as "Type 03" and posted AD/CVD duties at a rate of 25.62% and 1.5%, respectively, the rates applicable to multilayering wood flooring from China under case nos. A-570-970/C-570-971, without agreeing with CBP that any AD/CVD was owing under that or any AD/CVD case.

21.     At the time of refiling of the rejected entries, RIFP was required to post the Section 301 duties applicable to Chinese-origin hardwood plywood classifiable under the applicable U.S. Harmonized Tariff Schedule subheading claimed on the CF7501 (i.e., HTSUS 4412.33.06, formerly HTSUS 4412.32.06).  See Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 83 Fed. Reg. 47,974, 48,093 (U.S. Trade Rep., Sept. 21, 2018) ("USTR Section 301 Action").

22.     At the time of refiling of the rejected entries, RIFP posted MPF and again posted HMF that had already been paid at the time of the filing of the original entries.

23.     On April 17, 2019, RIFP and its counsel met with Bob Bekalarski, Assistant Center Director for the Industrial & Manufacturing Materials Center for Excellence and Expertise ("CEE"), in order to try to understand the basis for the rejection of the 33 entries covered by Protest No. 460121125039, among other entries.

24.     During this meeting, CBP, despite RIFP's counsel's requests, refused to provide any facts in support of its conclusion that the merchandise on the 33 entries covered by Protest No. 460121125039 was actually manufactured in China or its conclusion that only minor processing of that merchandise occurred in Cambodia.

25.     On June 26, 2019, CBP's Trade Remedy Law Enforcement Directorate initiated Enforce and Protect Act ("EAPA") Investigation No. 7321, though public notice was not provided until more than three (3) months later, or October 1, 2019.  See U.S. Customs Border & Prot., Notice of Initiation of Investigation and Interim Measures - EAPA Cons. Case 7321 (Oct. 1, 2019).

26.     Upon information and belief, EAPA Investigation No. 7321 arose from an allegation of evasion of the AD/CVD orders on hardwood plywood from China against three importers (but not against RIFP), InterGlobal Forest, LLC, American Pacific Plywood, Inc. and U.S. Global Forest Inc., arising from their importation of plywood produced by LB Wood in Cambodia.  See id.

27.     RIFP was not named in the EAPA allegation or in any documentation publicly released by CBP in EAPA Investigation No. 7321.

28.     RIFP is not a target of any existing EAPA allegation or investigation.

29.     On November 4, 2019, RIFP had a second meeting with members of the CEE, including Center Director Ann Marie Paul, to continue the discussion of the rejection of the entries covered by Protest No. 460121125039 and other RIFP entries of hardwood plywood produced by

LB Wood in Cambodia.  CBP again would not, and did not, provide any information or explanation of the basis of the rejection of the entries underlying Protest No. 460121125039 or any other RIFP entry, despite requests by RIFP for such information.

30.     During this second meeting, CBP, despite RIFP's counsel's requests, again refused to provide any facts in support of its conclusion that the merchandise on the 33 entries covered by Protest No. 460121125039 was actually manufactured in China or its conclusion that only minor processing of that merchandise occurred in Cambodia.

31.     Upon information and belief, therefore, there are no facts supporting CBP's conclusion that the merchandise on the 33 entries covered by Protest No. 460121125039 was actually manufactured in China or its conclusion that only minor processing of that merchandise occurred in Cambodia.

32.     On June 29, 2020, CBP's Trade Remedy Law Enforcement Directorate made an affirmative finding of evasion as to the specific importers (but not RIFP) covered by EAPA Investigation 7321.  See U.S. Customs & Border Prot., Notice of Determination as to Evasion, EAPA Case No. 7321 (June 29, 2020).  Again, RIFP was never a part of this EAPA investigation and thus was not determined by CBP to have evaded the AD/CVD orders on hardwood plywood from China.  After filing a request for administrative review, later denied, the importers covered by EAPA Investigation 7321 appealed to the U.S. Court of International Trade.  See Am. Pac. Plywood Inc. v. United States, Consol. Ct. No. 20-03914.

33.     Between August 21, 2020 and September 4, 2020, CBP liquidated the 33 entries covered by Protest No. 460121125039.  For the entries that had been previously rejected and refiled as Type 03 entries, the AD/CVD assessment rates in the bills reflected that the entries were subject to the AD/CVD orders on hardwood plywood from China (case numbers A-570-051/C-

570-052), instead of the AD/CVD orders covering imports of multilayered wood flooring from China (case numbers A-570-970/C-570-971) that CBP had decided were applicable in its rejection notices issued.  The bills for the rejected entries sought the difference between the AD/CVD rates applicable to imports on multilayered wood flooring from China, i.e., 25.62% and 1.5%, respectively that RIFP had previously posted and the AD/CVD rates applicable to imports of hardwood plywood from China, i.e., 183.36% and 22.98%, respectively, plus interest.  For several of the entries (as identified in the summons), CBP shortly thereafter reliquidated the entries applying the same AD/CVD amounts but adjusting the interest and issued a new bill.

34.     On August 21, 2020, for those entries covered by Protest No. 460121125039 that were not previously rejected, CBP issued bills applying the AD/CVD rates applicable to imports of hardwood plywood from China, i.e., 183.36% and 22.98%, respectively, as well as Section 301 duties and MPF, plus interest.

<u>RIFP'S TIMELY PROTEST</u>

35.     On January 26, 2021, RIFP timely filed Protest No. 460121125039 within 180 days of the dates of liquidation/reliquidation of the 33 entries subject to this lawsuit.  With the protest was an application for further review.

36.     In its protest, RIFP provided thousands of pages of documentation that showed that the hardwood plywood entered under the 33 entries covered by Protest No. 460121125039 was manufactured in Cambodia by LB Wood.

37.     In a prior CF28 response transmitted to CBP on December 16, 2019, RIFP provided the relevant entry documents, including the CF7501, commercial invoice, packing list, payment record and country of origin certificate for the 33 entries covered by Protest No. 460121125039

showing the hardwood plywood was produced by LB Wood in Cambodia and imported directly from Cambodia.

38.     RIFP also provided an internally generated "Quality Inspection Report" (in Exhibit 8A of Protest No. 460121125039) as a sample for one of the entries covered by Protest No. 460121125039 (Entry 990-09518640, PO 61950), including pictures of the hardwood plywood's production process and LB Wood's manufacturing equipment showing that LB Wood produced the hardwood plywood in Cambodia.

39.     RIFP also submitted production records provided to RIFP by LB Wood for each of the entries underlying the protest showing every stage of production of the hardwood plywood subject to this action from the initial stage of taking the veneers out of inventory through each stage of production until the merchandise was packed for shipment.

40.     Taken together, the documents provided by RIFP in support of Protest No. 460121125039 definitively demonstrated that LB Wood produced the full quantity of merchandise imported by RIFP in the 33 entries covered by this lawsuit in Cambodia.

41.     The facts provided by RIFP in its protest demonstrated that Cambodia was the country of origin of the merchandise on the 33 entries covered by Protest No. 460121125039.

42.     As products of Cambodia, the hardwood plywood on the 33 entries covered by Protest No. 460121125039 clearly does not fall within the scope of the AD/CVD orders on hardwood plywood from China (or the orders on multilayered wood flooring), and is not subject to the assessment of Section 301 duties or MPF applicable to products of Chinese origin.

43.     The scope of the AD/CVD orders on hardwood plywood from China defines the merchandise covered by the orders in part as "a generally flat, multilayered plywood or other veneered panel, consisting of two or more layers or plies of wood veneers and a core . . ." – i.e., a

product having at least three layers.  Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less than Fair Value, and Antidumping Duty Order, 83 Fed. Reg. 504, 512 (Dep't of Commerce Jan. 4, 2018); Certain Hardwood Plywood Products From the People's Republic of China: Countervailing Duty Order, 83 Fed. Reg. 513, 515 (Dep't of Commerce Jan. 4, 2018).

44.    Similarly, CBP defines plywood to consist of "three or more sheets of wood glued and pressed one on the other and generally disposed so that the grains of successive layers are at an angle." Customs Ruling N305334 (Aug. 9, 2019) (citing World Customs Organization Explanatory Notes to heading 4412).  Indeed, at industry conventions, CBP has expressly stated that to be covered by the AD/CVD case on hardwood plywood, a panel must have "AT LEAST THREE LAYERS."  LAUREL DUVALL, U.S. CUSTOMS & BORDER PROT., PLYWOOD, VENEERED PANELS, AND SIMILAR LAMINATED WOOD at slide 42 (Mar. 16, 2018) ("CBP Presentation"), attached to Protest No. 460121125039 as Ex. 9.

45.    In its protest, RIFP argued that although LB Wood imported individual veneer sheets from China for production into plywood in Cambodia, those veneer sheets were clearly outside the scope of the AD/CVD orders as a matter of fact.

46.    The information provided by RIFP in its protest regarding production at LB Wood demonstrated that the plywood on each of the entries covered by Protest No. 460121125039 underwent significant processing steps in Cambodia from pressing single veneers into a core to face lamination and hot pressing through to final packaging.

47.    RIFP noted in its protest that CBP considers such production operations as pressing a plywood core to constitute a "substantial transformation," rendering Cambodia the country of origin of the plywood.  See, e.g., Customs Ruling N291240 (Nov. 7, 2017); Customs Ruling

N282788 (Feb. 7, 2017).  In other words, CBP considers the country of origin of a plywood panel to be dictated by the <u>country of origin of the plywood core or substrate</u>.

48.     CBP itself has even declared that where "{v}eneers are cut in China and shipped to Vietnam where they are laminated into plywood panels" the country of origin is Vietnam, and no AD/CVD is owing because the "product is of Vietnamese origin."  CBP Presentation at slide 50, attached to Protest No. 460121125039 as Ex. 9.

49.     In order to determine whether the imported merchandise on the 33 entries covered by Protest No. 460121125039 was subject to the AD/CVD order on hardwood plywood from China (or any other AD/CVD case), CBP made factual findings regarding the location where the plywood core and other components of this merchandise was manufactured.

50.     In its protest, RIFP provided evidence demonstrating that the plywood panels on the 33 entries covered by Protest No. 460121125039 were produced by LB Wood in Cambodia from Cambodian or Chinese veneer sheets, which were pressed into a core in Cambodia.

51.     In reaching its decision to liquidate/reliquidate the 33 entries covered by Protest No. 460121125039 with the assessment of AD/CVD based upon the AD/CVD orders on hardwood plywood from <u>China</u>, CBP made a factual determination that the plywood core for these products was manufactured in China.

52.     To the extent CBP's factual analysis in this case resulted in the decision to apply the AD/CVD orders on hardwood plywood from <u>China</u> to merchandise produced by LB Wood in <u>Cambodia</u>, that decision is protestable.  <u>See, e.g.</u>, <u>LDA Incorporado v. United States</u>, __ CIT __, 79 F. Supp. 3d 1331, 1340 (2015) ("The factual analysis and application of the scope to the goods in question are decisions of Customs" that are protestable).

53.      In its protest, RIFP also alleged that the manner by which CBP conducted itself in rejecting its entries and concluding that the merchandise was subject to the AD/CVD orders, Section 301 duties and MPF violated RIFP's constitutional rights.  The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965).  Further, the Court recently held that when an importer is subject to AD/CVD duties by CBP based on allegations of evasion, it must be given adequate notice and "an opportunity to present . . . objections" in a "meaningful manner."  Royal Brush Mfg. v. United States, __ CIT __, 483 F. Supp. 3d 1294, 1306-07 (2020).  Namely, "due process 'forbids an agency to use evidence in a way that forecloses an opportunity to offer a contrary presentation.' . . . Thus, to comply with due process, Customs' procedures must afford adequate opportunity for importers to respond to the evidence used against them."  Id. (citing Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 289 n.4 (1974)).

54.      In this case, RIFP was deprived of its constitutional right to offer a "contrary presentation" in that CBP never provided it with any explanation as to the evidence that it had obtained that led CBP to determine that the merchandise covered by Protest No. 460121125039 originated in China.  As RIFP argued in its protest, CBP deprived RIFP of a meaningful opportunity to respond to CBP's determination that the plywood on the protested entries had a country of origin of China given that CBP did not provide any factual or legal basis for its conclusion that only minor processing occurred at LB Wood.  CBP provided no opportunity for RIFP to review whatever evidence CBP had in its possession that supposedly showed only minor processing at LB Wood.  In this manner, CBP's actions violated RIFP's constitutional rights.

55.      For four entries, Entry Nos. 990-9522147, 990-09522154, 990-09523889, 990-09523913, CBP wrongfully collected AD/CVD both at the time RIFP was required to refile the

rejected entries and compounded its error by seeking <u>additional</u> AD/CVD at the time the bills were issued at rates that bore no relationship with any assessment rate issued for hardwood plywood from China.  <u>See, e.g.</u>, Customs Message No. 8005302 (Jan. 5, 2018) (setting ADD rate of 183.36% for PRC-wide entity); Customs Message No. 8010301 (Jan. 10, 2018) (setting CVD rate for all-others companies at 22.98%).

56.    CBP imposed the following AD/CVD rates in the bills issued for Entry Nos. 990-9522147, 990-09522154, 990-09523889, 990-09523913:

| Entry No./ Entered Value | ADD Deposited on Refiling of Entry | CVD Deposited on Refiling of Entry | Additional AD Sought in Bill | Additional CVD Sought in Bill | Effective ADD Rate (Already Deposited + Amt on Bill) | Effective CVD Rate (Already Deposited + Amt on Bill) |
|---|---|---|---|---|---|---|
| 990-9522147 EV $39,844 | $10,208.03 | $597.66 | $135,906.05 | $17,714.41 | 366.72% | 45.96% |
| 990-09522154 EV $15,252 | $3,910.12 | $228.93 | $52,060.52 | $6,785.70 | 366.73% | 45.96% |
| 990-09523889 EV $26,523 | $6,795.19 | $397.19 | $90,471.79 | $11,792.35 | 366.73% | 45.96% |
| 990-09523913 EV $13,503 | $3,459.47 | $202.55 | $46,058.73 | $6,003.43 | 366.72% | 45.96% |

57.    For Entry Nos. 990-9522147, 990-09522154, 990-09523889, 990-09523913, CBP also wrongfully assessed and collected additional Section 301 duties, MPF and HMF both at the time RIFP was required to refile the rejected entries and at the time the bills were issued.  These bills effectively doubled the Section 301 duties, MPF and HMF that were assessed based on CBP's incorrect conclusion that the subject merchandise was hardwood plywood from China as shown below:

| Entry No. | Section 301 Duties Deposited on Refiling | Additional Section 301 Duties Sought in Bill | Effective 301 Rate (Already Deposited + Amt on Bill)[1] | MPF Deposited on Refiling | Additional MPF Sought in Bill | HMF Deposited on Refiling | Additional HMF Sought in Bill |
|---|---|---|---|---|---|---|---|
| 990-9522147 | $3,984.40 | $3,984.35 | 20% | $138.02 | $129.02 | $49.81 | $49.80 |
| 990-09522154 | $1,526.20 | $1,526.29 | 20% | $52.87 | $52.87 | $19.08 | $19.08 |
| 990-09523889 | $2,652.30 | $2,652.36 | 20% | $91.88 | $91.87 | $33.15 | $33.16 |
| 990-09523913 | $1,350.30 | $1,350.25 | 20% | $46.77 | $46.78 | $16.88 | $16.88 |

58.     CBP denied Protest No. 460121125039 on February 11, 2021.  The entirety of CBP's reasoning in support of the denial was "514- Denied based upon CBP'S prior determination of misclassification and incorrect country of origin."

59.     CBP also "rejected" the application for further review on February 11, 2021.

60.     On February 12, 2021, RIFP properly filed a request asking that CBP set aside the rejection of the application for further review on the basis that the application for further review was improperly rejected under the applicable statute and regulations.

61.     On April 12, 2021, CBP denied this request on the basis that "the exact factual and legal matters at issue in RIFP's Protest Nos. 4601-21-125036 and 4601-21-125039 are pending in litigation before the CIT."

## VI.     STATEMENT OF THE CLAIMS

### COUNT I

62.     RIFP herein incorporates by reference paragraphs 1 through 61, supra, of this complaint.

63.     The AD/CVD orders on hardwood plywood from China by their terms cover goods of Chinese origin.

---

[1] At time of entry, Section 301 duties on these entries were imposed at a rate of 10%.

64.     Detailed production information and other information provided by RIFP in its protest demonstrate that the merchandise on the 33 entries covered by Protest No. 460121125039 was manufactured by LB Wood in Cambodia, and that the country of origin of that merchandise is Cambodia.

65.     Because the Cambodian origin merchandise on the 33 entries covered by Protest No. 460121125039 clearly does not fall within the scope of the AD/CVD orders on hardwood plywood from China, CBP improperly assessed and collected AD/CVD duties applicable to hardwood plywood from China.

66.     CBP's decision to assess AD/CVD and interest on the merchandise imported on the 33 entries covered by Protest No. 460121125039 based on its factual determination that the hardwood plywood covered by these 33 entries was actually manufactured in China and its factual determination that only minor processing of that merchandise occurred in Cambodia, was unlawful.

## COUNT II

67.     RIFP herein incorporates by reference paragraphs 1 through 66, supra, of this complaint.

68.     The Section 301 duties authorized by the Trade Act of 1974 and implemented by the United States Trade Representative effective September 24, 2018 apply only to goods of Chinese origin.  See USTR Section 301 Action, 83 Fed. Reg. at 47,974.

69.     Detailed production information and other information provided by RIFP in its protest demonstrate that the merchandise on the 33 entries covered by Protest No. 460121125039 was manufactured by LB Wood in Cambodia, and that the country of origin of that merchandise is Cambodia.

70. CBP's decision to assess Section 301 duties and interest on the merchandise imported on the 33 entries covered by Protest No. 460121125039 based upon its factual determination that the hardwood plywood covered by these 33 entries was actually manufactured in China and its factual determination that only minor processing of that merchandise occurred in Cambodia, was unlawful.

## COUNT III

71. RIFP herein incorporates by reference paragraphs 1 through 70, supra, of this complaint.

72. CBP wrongfully collected AD/CVD and Section 301 duties, HMF and MPF at double the amounts owed for Entry Nos. 990-9522147, 990-09522154, 990-09523889, 990-09523913 and also wrongfully assessed interest.

73. CBP's assessment rates were not supported by any instructions issued by the Department of Commerce or the Section 301, HMF or MPF rates then in effect.

74. Even if one were to assume that the country of origin of the entries from LB Wood was China, the conclusion by CBP that RIFP challenges herein, CBP's assessment of duties that were far in excess of any AD/CVD, Section 301 duties, MPF or HMF applicable to hardwood plywood from China was, therefore, unlawful.

## COUNT IV

75. RIFP herein incorporates by reference paragraphs 1 through 74, supra, of this complaint.

76. Cambodia is listed in HTSUS General Note 4(b)(i) as a least-developed beneficiary developing country ("LDDC").

77.     Merchandise that is a "product of" an LDDC such as Cambodia is not subject to MPF. <u>See</u> 19 C.F.R. § 24.23(c)(1)(iv); Customs Ruling H156916 (Oct. 27, 2011).

78.     Detailed production information and other information provided by RIFP in its protest demonstrate that the merchandise on the 33 entries covered by Protest No. 460121125039 was manufactured by LB Wood in Cambodia, and that the country of origin of that merchandise is Cambodia.

79.     CBP's decision to assess MPF plus interest against the imported merchandise based on its factual determination that the hardwood plywood on the 33 entries covered by Protest No. 460121125039 was actually manufactured in China and its factual determination that only minor processing of that merchandise occurred in Cambodia, was unlawful.

## **COUNT V**

80.     RIFP herein incorporates by reference paragraphs 1 through 79, supra, of this complaint.

81.     The Administrative Procedure Act authorizes the Court to hold unlawful and set aside agency action that is: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; {or} (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

82.     An agency decision is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of

agency expertise." <u>Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29, 43

(1983).  An abuse of discretion occurs where the decision is based on an erroneous interpretation

of the law, on factual findings that are not supported by substantial evidence, or represents an

unreasonable judgment in weighing relevant factors.  <u>See</u> <u>Arnold P'ship v. Dudas</u>, 362 F.3d 1338,

1340 (Fed. Cir. 2004).

83.     CBP's application of AD/CVD, Section 301 duties and MPF to the protested entries

was arbitrary, capricious and an abuse of discretion in that CBP entirely failed to consider the

abundant evidence submitted by RIFP demonstrating that the country of origin of the imported

plywood was considered Cambodia, not China, contrary to the facts presented.  The abuse of

discretion and arbitrary and capricious nature of CBP's actions were further compounded by

CBP's failure to provide any explanation for its decision to apply AD/CVD, Section 301 duties

and MPF to the protested entries and its decision rested on erroneous factual findings that were

not supported by substantial evidence and represented an unreasonable judgment weighing

relevant factors.

<b><u>COUNT VI</u></b>

84.     RIFP herein incorporates by reference paragraphs 1 through 83, supra, of this

complaint.

85.     CBP's application of AD/CVD, Section 301 duties and MPF applicable to

hardwood plywood from China to the 33 entries covered by Protest No. 460121125039 deprived

RIFP of the opportunity to respond to CBP's allegation, violating RIFP's due process rights under

the Fifth Amendment of the U.S. Constitution.  <u>See</u> <u>Grannis v. Ordean</u>, 234 U.S. 385, 394 (1914)

(stating that "the fundamental requisite of due process of law is the opportunity to be heard"); <u>see</u>

<u>also</u> <u>Transcom, Inc. v. United States</u>, 24 CIT 1253, 1272, 121 F. Supp. 2d 690, 708 (2000) (citing

to <u>Mullane v. Cent. Hanover Bank & Tr. Co.</u>, 339 U.S. 306, 314 (1950)).  This Court has found that when an importer is subject to AD/CVD duties by CBP based on allegations on evasion, it must be given adequate notice and "an opportunity to present . . . objections" in a "meaningful manner."  <u>Royal Brush</u>, __ CIT at __, 483 F. Supp. 3d at 1306-07.  CBP failed to provide RIFP with any factual basis for its conclusion that only minor processing occurred in Cambodia or any opportunity for RIFP to review whatever evidence CBP had in its possession that supposedly showed only minor processing took place in LB Wood's facility.  In this manner, CBP's action violated RIFP's constitutional rights and the liquidation/reliquidation of the 33 entries covered by Protest No. 460121125039 with AD/CVD, Section 301 duties, MPF and additional HMF was contrary to law.

## COUNT VII

86.     RIFP herein incorporates by reference paragraph 1 through 85, supra, of this complaint.

87.     Detailed production information and other information provided by RIFP in its protest and previously to CBP via a CF28 response demonstrate that the merchandise on the 33 entries covered by Protest No. 460121125039 was manufactured by LB Wood in Cambodia, and that the country of origin of that merchandise is Cambodia.

88.     CBP's decision to apply the antidumping rate of 183.36%, the China-wide entity dumping rate, to the imported merchandise based on its factual determination that the hardwood plywood on the 33 entries covered by Protest No. 460121125039 was actually manufactured in China and its factual determination that only minor processing of that merchandise occurred in Cambodia, were without legal basis.

89.     CBP's decision to apply the China-wide entity dumping rate to the imported merchandise was arbitrary and capricious, and therefore contrary to law, given the absence of any evidence that the hardwood plywood on the 33 entries covered by Protest No. 460121125039 was actually manufactured in China, let alone by a Chinese company subject to the China-wide entity rate.

90.     Further, there is no evidence that CBP ever requested that the Department of Commerce determine the applicable AD/CVD assessment rates for the 33 entries covered by Protest No. 460121125039.

91.     CBP's application of the dumping rate of 183.36% as the rate of assessment for the 33 entries covered by Protest No. 460121125039 plus interest was therefore contrary to law.

## COUNT VIII

92.     RIFP herein incorporates by reference paragraphs 1 through 91, supra, of this complaint.

93.     CBP improperly assessed and collected double HMF on the hardwood plywood imported under the entries covered by Protest No. 460121125039, despite record evidence that RIFP had already posted HMF for the entries at the time of filing.  CBP's assessment of HMF for a second time was contrary to law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, RIFP respectfully prays that this Court:

(1)     Direct CBP to grant Protest No. 460121125039.

(2)     Direct CBP to liquidate or reliquidate the entries covered by Protest No. 460121125039 at the rate of duty, value, quantity and amount of duty asserted by RIFP at the time of entry, i.e., without application of AD/CVD, Section 301 duties or MPF, i.e., zero.

(3)     In any event, with respect to Entry Nos. 990-9522147, 990-09522154, 990-09523889, 990-09523913, direct CBP to refund excess AD/CVD, HMF and MPF assessed beyond the applicable rates.

(4)     Direct CBP to refund all AD/CVD paid by RIFP, with interest.

(5)     Direct CBP to refund the payment of all Section 301 duties, MPF and excess HMF with interest.

(6)     Provide such other relief as this honorable Court deems proper.

Respectfully submitted,

/s/ Jill A. Cramer
Jeffrey S. Grimson
Jill A. Cramer

Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to Plaintiff*

Date: May 5, 2022